**WILLIAM H. PRUITT, ESQ.**
Nevada Bar No. 6783
**JOSEPH R. MESERVY, ESQ.**
Nevada Bar No. 14088
**BARRON & PRUITT, LLP**
3890 West Ann Road
North Las Vegas, Nevada 89031
Telephone: (702) 870-3940
Facsimile: (702) 870-3950
E-Mail: bpruitt@lvnvlaw.com
*Attorneys for Defendant*
*Nicholas Robison*

**BARRON & PRUITT, LLP**
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**UNITIED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIAH MAAS, as Special Administrator for the Estate of Tiffany Slatsky; MARTIN SLATSKY, as parent and legal guardian of CADE SLATSKY, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER CANDITO, an individual; ANDREW CLAPPER, an individual; NICHOLAS ROBISON, an individual; ANDREW STOCKER, an individual; STEVEN HONSOWETZ, an individual; CITY OF NORTH LAS VEGAS, a municipality; NORTH LAS VEGAS FIRE DEPARTMENT, a City of North Las Vegas agency; GNLV, LLC *dba* GOLDEN NUGGET HOTEL & CASINO, a domestic limited-liability company; DOMAIN PROPERTY OWNER LLC, a foreign limited-liability company; OAKTREE CAPITAL MANAGEMENT L.P., a foreign limited partnership; DOE DEFENDANTS I through XX, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No:<br><br>**DEFENDANT NICHOLAS ROBISON'S PETITION FOR REMOVAL** |

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

PLEASE TAKE NOTICE that Defendant NICHOLAS ROBISON, by and through his legal counsel, hereby removes the above-entitled action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, 1443, and 1446. This removal is based upon federal question jurisdiction and is timely. In support of removal, Defendant Robison states as follows:

///

///

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

**THE REMOVED ACTION**

1. The above-entitled action commenced in the Eighth Judicial District Court, Clark County, Nevada and is now pending in that court as Case No. A-22-847914-C ("State Court Action").

2. Plaintiffs commenced the State Court Action by filing a Complaint on February 9, 2022. Copies of Plaintiffs' Summons and Complaint are attached as **EXHBIIT A**.

3. Upon information and belief, Defendant ANDREW CLAPPER was served with the Complaint on March 3, 2022.

4. Defendant Robison was served with the Complaint on March 5, 2022. A copy of the filed Affidavit of Service of Complaint on Defendant Robison is attached as **EXHIBIT B**.

5. Upon information and belief, Defendant STEVEN HONSOWETZ was served with the Complaint on March 14, 2022.

6. Upon information and belief, Defendant CHRISTOPHER CANDITO was served on March 31, 2022.

7. Upon information and belief, Defendant ANDREW STOCKER was served on April 1, 2022.

8. Plaintiff has not filed any other affidavit of service for any other defendant named in the Complaint.

9. No other defendant named in the Complaint has appeared or filed an answer or responsive pleading.

**FEDERAL QUESTION JURISDICTION EXISTS**

10. Plaintiff's Complaint asserts claims for relief arising under the Fourth and Fourteenth Amendments to the Constitution of the United States and was brought pursuant to 42 U.S.C. § 1983. Accordingly, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court by Defendant Robison pursuant to 28 U.S.C. § 1441(a), because it presents federal questions. E.g., **EXHIBIT A**, Compl., paras. 48-49, 58-60, 68; see also Baldwin Hills Med. Group v. Los Angeles County Metro. Transp. Auth., 196 Fed. Appx. 567, 569 (9th Cir. 2006) (allegations of violations of 42 U.S.C. § 1983 fall within the original jurisdiction of federal district courts).

11. Pursuant to 28 U.S.C. § 1441 and 1443, Defendants are entitled to the removal of the action to this Court. Additionally, the United States District Court, District of Nevada has jurisdiction over any pending state law claims because federal questions predominate this action, and the federal and state law claims arise from the same nucleus of operative fact and comprise but one constitutional case or controversy. See 28 U.S.C. §§ 1441(c), 1443, and 1367.

12. This Court is the proper venue for the removal of this action because it is the district court of the United States for the district and division embracing the place where the action is pending. See 28 U.S.C. § 1441(a).

**NOTICE OF REMOVAL IS TIMELY**

13. On February 7, 2022, Plaintiffs filed their Complaint against Defendants.

14. Defendant Robison was served with the Complaint on March 5, 2022.

15. Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal was timely because it was filed within thirty days of Defendant Robison's receipt of the initial pleadings.

**CONSENT TO REMOVAL**

16. While the Complaint is also brought against defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, ANDREW STOCKER, STEVEN HONSOWETZ, CITY OF NORTH LAS VEGAS, NORTH LAS VEGAS FIRE DEPARTMENT, GNLV, LLC *dba* GOLDEN NUGGET HOTEL & CASINO, DOMAIN PROPERTY OWNER LLC, and OAKTREE CAPITAL MANAGEMENT L.P. Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, STEVEN HONSOWETZ, and ANDREW STOCKER have been served according to affidavits of service filed by the Plaintiff. Upon information and belief, each of these defendants have consented to removal to the United States District Court for the District of Nevada.

17. The docket does not indicate that any of the other defendants named in Plaintiffs' Complaint have been served with the Complaint. Further, only Defendant ANDREW CLAPPER has filed an answer or other responsive pleading in this action. In this matter, consent of un-served defendants is not required where their absence is explained in the removal papers.

18. Although Plaintiffs' Complaint names fictitious defendants using DOE DEFENDANTS and ROE CORPORATIONS, under 28 U.S.C. § 1441(a) fictitious names "shall be

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

BARRON & PRUITT, LLP
ATTORNEYS AT LAW
3890 WEST ANN ROAD
NORTH LAS VEGAS, NEVADA 89031
TELEPHONE (702) 870-3940
FACSIMILE (702) 870-3950

disregarded" for purposes of removal. Therefore, consent for removal is not required from the DOE DEFENDANTS and ROE CORPORATIONS.

**PLEADINGS**

19. Copies of all remaining pleadings in Defendant Robison's control are attached as **EXHIBIT C**.

WHEREFORE, NICHOLAS ROBISON prays that the above-entitled action be removed from the Eighth Judicial District Court for County of Clark, State of Nevada, to the United States District Court for the District of Nevada.

BARRON & PRUITT, LLP

*/s/ Joseph Meservy*

WILLIAM H. PRUITT, ESQ.
Nevada Bar No. 6783
JOSEPH R. MESERVY, ESQ.
Nevada Bar No. 14088
3890 West Ann Road
North Las Vegas, NV 89031
*Attorneys for Defendant*
*Nicholas Robison*

# EXHIBIT A

EXHIBIT A

EXHIBIT A

Electronically Filed
2/7/2022 4:59 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
ANDREW BARTON, ESQ.
Nevada Bar No.: 12692
ALYSSA PIRAINO, ESQ.
Nevada Bar No.: 14601
**BAKER LAW OFFICES**
500 S. Eighth Street
Las Vegas, NV 89101
Telephone: (702) 360-4949
Facsimile: (702) 360-3234
Drew@855Bakerlaw.com
*Attorneys for Plaintiffs*

***Associated Counsel:***

CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No.: 11218
**NETTLES MORRIS**
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

**CLARK COUNTY NEVADA**

**DISTRICT COURT**

MARIAH MAAS, as Special Administrator for the Estate of Tiffany Slatsky, MARTIN SLATSKY, as parent and legal guardian of CADE SLATSKY, a minor,

Plaintiffs,

v.

CHRISTOPHER CANDITO, an individual, ANDREW CLAPPER, an individual, NICHOLAS ROBISON, an individual, ANDREW STOCKER, an individual, STEVEN HONSOWETZ, an individual, CITY OF NORTH LAS VEGAS, a municipality; NORTH LAS VEGAS FIRE DEPARTMENT, a City of North Las Vegas agency; GNLV, LLC *dba* GOLDEN NUGGET HOTEL & CASINO, a Domestic Limited-Liability Company; DOMAIN PROPERTY OWNER LLC; a Foreign Limited-Liability Company; OAKTREE

Case No.: A-22-847914-C
Dept. No.: 1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

CAPITAL MANAGEMENT L.P.; a Foreign Limited Partnership; DOE DEFENDANTS I through XX, and ROE CORPORATIONS I through X, inclusive,

Defendants.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

Plaintiffs allege the following against Defendants:

## INTRODUCTION

1. This action seeks compensatory and punitive damages from Defendants for violation of various rights under the United States Constitution and state law in connection with the death of Tiffany Slatsky ("Decedent").

## PARTIES

2. At all relevant times, Tiffany Slatsky ("Decedent") was a resident of Clark County in the State of Nevada.

3. Plaintiff CADE SLATSKY is Decedent's heir.

4. At all relevant times, Plaintiff CADE SLATSKY was and is a resident of Clark County in the State of Nevada. Additionally, MARTIN SLATSKY, as parent and legal guardian of CADE SLATSKY was and is a resident of Clark County in the State of Nevada.

5. MARIAH MAAS as Special Administrator for the Estate of Tiffany Slatsky is a resident of Clark County in the State of Nevada.

6. Upon information and belief, at all relevant times, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were and are residents of Clark County in the State of Nevada.

7. Upon information and belief, at all relevant times, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were employees of Defendant CITY OF NORTH LAS VEGAS within the North Las Vegas Fire Department.

8. Defendant CITY OF NORTH LAS VEGAS ("CNLV") was and is a municipality within the State of Nevada.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

9. Defendant NORTH LAS VEGAS FIRE DEPARTMENT ("NLVFD") was and is an agency governed and funded by the City of North Las Vegas within the State of Nevada.

10. At all relevant times, CNLV was the employer of Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS, who were North Las Vegas Fire Department firefighters/EMTs. Additionally, upon information and belief, Defendants ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were managerial, supervisorial, and policymaking employees of CNLV.

11. At all relevant times, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were duly authorized employees and agents of CNLV, who were acting under color of law within the course and scope of their respective duties as North Las Vegas Fire Department firefighter/EMTs, superior officers, supervisors, and/or managers and with the complete authority and ratification of their principal, Defendant CNLV.

12. At all relevant times, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were duly appointed officers and/or employees or agents of CNLV, subject to oversight and supervision by CNLV's elected and non-elected officials.

13. In doing the acts and failing to act as hereinafter described, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS were acting on the implied and/or actual permission and consent of CNLV.

14. Defendant GNLV, LLC *dba* GOLDEN NUGGET HOTEL & CASINO is a Domestic Limited-Liability Company registered to do business in Clark County, Nevada.

15. At all relevant times, Defendant DOMAIN PROPERTY OWNER LLC was a Foreign Limited-Liability Company registered to do business in Clark County, Nevada, and was the owner and/or manager of the apartment complex property located at 831 Coronado Center Drive, #1203, Henderson, NV 89052.

16. At all relevant times, Defendant OAKTREE CAPITAL MANAGEMENT L.P. was a Foreign Limited Partnership registered to do business in Clark County, Nevada, and was the owner and/or manager of the apartment complex property located at 831 Coronado Center Drive, #1203, Henderson, NV 89052.

17. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein as DOE DEFENDANTS I through XX, and ROE CORPORATIONS I through X, are presently unknown to Plaintiff. Upon information and belief these DOE and ROE defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to: unreasonably owning, maintaining, operating, entrusting, or repairing any vehicle that caused injury to Plaintiff. ROE and DOE defendants also include but are not limited to: a) presently unknown employers of defendant(s) who are responsible for the acts of their employees under NRS 41.745, or under the doctrine of *respondeat superior*; b) owners of the defendant's vehicle who are liable under NRS 41.440, or the family purpose doctrine; c) persons involved in the design, manufacturer distribution and placement into the stream of commerce of an unreasonably dangerous and unfit product that caused damages to Plaintiff, and which persons are strictly liable under products liability law; and, d) known witnesses whose particular culpability is not known at this time but may be made known once true facts are learned. As the specific identities of these parties are revealed through discovery, the DOE or ROE appellation will be replaced to identify these parties by their true names and capacities. Hereinafter reference to Defendant or Defendants includes DOES and ROES and each of them.

18. That upon information and belief, Defendants, inclusive of DOES and ROES, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, employer and/or employee of the other, and each of them, and were at all relevant times acting within the

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

scope and performance of said partnership, agency, master/servant, and employment relationship.

19. This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendants, or any one of them resided in Clark County, Nevada at the commencement of this action.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20. Upon information and belief, in the weeks prior to February 21, 2020, a number of North Las Vegas Fire Department Employees, including Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, ANDREW STOCKER, and DOE DEFENDANTS, planned a party that would take place at the GOLDEN NUGGET HOTEL & CASINO on February 21, 2020.

21. Upon information and belief, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, and ANDREW STOCKER, and DOE DEFENDANTS engaged in the purchase, trade, and sale of the illicit drugs that were to be used and distributed at the February 21, 2020 party.

22. That on or about February 21, 2020, Decedent, Tiffany Slatsky, attended the party at GOLDEN NUGGET HOTEL & CASINO, with her husband, Defendant CHRISTOPHER CANDITO, who was employed as a North Las Vegas firefighter at the time.

23. Also in attendance were a number of North Las Vegas firefighters, including, but not limited to, Defendants ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ and ANDREW STOCKER.

24. At the time of the party, Defendant NICOLAS ROBISON was a North Las Vegas Fire Captain.

25. Upon information and belief, attendees at that party, including Decedent, were engaging in the use of illicit drugs including, but not limited to, morphine, cocaine, and ecstasy.

26. Upon information and belief, other firefighters and/or employees of Defendant CNLV were also in attendance at the February 21, 2020 party, and were involved in purchasing,

selling, or otherwise providing the illicit drugs used at that party and are hereby designated as DOE DEFENDANTS until such time that their identities can be verified.

27. Upon information and belief, CNLV superior officers and/or employees within the North Las Vegas Fire Department had knowledge of illicit drug dealings among the department employees, and either participated in, condoned, or otherwise failed to respond to such activities.

28. Upon information and belief, Defendants CHRISTOPHER CANDITO, ANDREW CLAPPER, NICHOLAS ROBISON, STEVEN HONSOWETZ, and ANDREW STOCKER, and DOE DEFENDANTS were stationed at North Las Vegas Fire Station 51, which had a reputation of being a "party station" with numerous employees engaged in the purchase, sale, trade, and/or use of steroids and illicit drugs.

29. At all relevant times, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER and DOE DEFENDANTS were duly appointed employees or agents of CNLV and/or NLVFD, subject to oversight and supervision by CNLV and/or NLVFD elected and non-elected officials.

30. Upon information and belief, the February 21, 2020 hotel party lasted through the night and Decedent and Defendant CANDITO did not leave said party until sometime between 5:00 and 7:00am on February 22, 2020.

31. After leaving the February 21, 2020 party, Decedent and Defendant CANDITO returned to their residence at 831 Coronado Center Drive, #1203, Henderson, NV 89052.

32. Upon information and belief, on February 22, 2020, after returning home from the party, Defendant CANDITO provided Decedent with morphine pills that had been obtained through dealings with Defendants CLAPPER, ROBISON, HONSOWETZ, STOCKER and DOE DEFENDANTS.

33. Shortly after decedent had ingested the subject morphine pills, she began slurring her words and acting irregularly. Defendant CANDITO, based on his training in emergency medical care as a North Las Vegas firefighter, believed that decedent was experiencing overdose symptoms from the subject morphine pills.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

34. On or about February 22, 2020, Defendant CANDITO took decedent from their residence in Henderson to North Las Vegas Fire Station 51, upon recognizing the overdose symptoms she was exhibiting. Rather than taking decedent to the nearest hospital, which was only minutes away, Defendant CANDITO took decedent to his fire station, located approximately 23 miles away, to administer his own medical care.

35. Defendant CANDITO used his employee key card to enter North Las Vegas Fire Station 51, and retrieve Narcan, Zofran, and IV equipment from the station's medical supplies, so that he could administer those medications to Decedent.

36. If Defendant CANDITO was not a CNLV employee and North Las Vegas firefighter at Station 51, he would not have been able to enter the building and access those medical supplies.

37. Upon information and belief, the CNLV and NLVFD's regulation and oversight of its employees and medical supply stock were so woefully inadequate that Defendant CANDITO was permitted to enter Station 51 and have unfettered access to dangerous medications and other medical supplies without question or repercussion.

38. After retrieving those medications and medical supplies, Defendant CANDITO went back to his vehicle where he had left Decedent, started an IV in Decedent's right arm, and administered approximately two milligrams of Narcan. In doing so, Defendant CANDITO acted under color of law as a CNLV employee and North Law Vegas firefighter/EMT. The ordinary private citizen would not have the requisite knowledge, training, and experience to administer an IV of Narcan, nor would an ordinary citizen have had access to the medical supplies, which Defendant CANDITO obtained at Station 51 and by virtue of his position as a CNLV employee and North Las Vegas firefighter/EMT.

39. Defendant CANDITO had been trained on details related to the use, administration, and other specifics related to Narcan as part of his training for the North Las Vegas Fire Department.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

40. After administering Narcan in his vehicle, Defendant CANDITO drove decedent back to their residence and Decedent and Defendant CANDITO fell asleep at approximately 2:00am on February 23, 2020.

41. Upon information and belief, firefighters and medics are trained that Narcan is only a "temporary blocker" and it is still necessary to transport an individual suspected to be overdosing to a hospital for further evaluation and monitoring. Accordingly, Defendant CANDITO either was not properly trained with regards to Narcan administration or he violated his training with regards to administering Narcan and then returning home, rather than to a hospital.

42. At approximately 8:30am on February 23, 2020, Defendant CANDTIO awoke and found Decedent unresponsive. At that time, Defendant CANDITO had 911 contacted and emergency medical personnel were dispatched to the subject residence.

43. Prior to paramedics arriving, Defendant CANDITO carried Decedent out to a nearby curb, and awaited the arrival of medical personnel. When paramedics arrived, they initially took Decedent back into the residence before then transporting her to the hospital where she was ultimately pronounced dead on February 23, 2020.

44. Upon information and belief, Decedent died as a result of multiple drug intoxication, including morphine.

45. Thereafter, Henderson PD conducted an investigation of the incident, and specifically, the subject residence. Various substances were retrieved from the scene, including psilocybin, MDMA, morphine, cocaine, and tadalafil. Additional medical supplies, including syringes and saline for intravenous use, were also located inside of the subject residence.

46. Defendants' CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER and DOE DEFENDANTS misuse of power, as described above, possessed by virtue of their employment with the CNLV and NLVFD, is action taken under the color of state law. Indeed, a defendant in a 42 U.S.C. section 1983 lawsuit acts under the color of state law when he abuses the position given to him by the state.

/ / /

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

**FIRST CAUSE OF ACTION**

**Denial of Medical Care (42 U.S.C. § 1983) against Defendant CANDITO and Defendant CNLV and Defendant NLVFD**

47. Plaintiffs repeat and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48. At all relevant times, CANDITO was acting under color of state law. Further, at all relevant times, CANDITO was acting within his official capacity, and the CNLV and NLVFD were a moving force behind the violations of Decedent's constitutional rights, including the right to timely medical care under the Fourth Amendment. When CANDITO provided illicit morphine pills to Decedent and then denied Decedent timely medical care, he exercised power possessed by virtue of state law and made possible only because CANDITO was clothed with the authority of state law. CANDITO was employed by the state and abused the position given to him by the state; thus, he acted under color of state law. Further, CANDITO's actions—including providing the illicit morphine pills, refusing to take Decedent to the hospital after Decedent exhibited overdose symptoms, providing his own personal medical treatment to Decedent with medications and medical supplies he was given free access to at North Las Vegas Fire Station 51—were performed while CANDITO was acting, purporting to act, or pretending to act in the performance of his official duties as a firefighter/EMT for the CNLV and/or NLVFD. Additionally, CANDITO's pretense of acting in the performance of his official duties had the purpose and effect of influencing the behavior of Decedent, percipient witnesses, and his employer the CNLV and/or NLVFD. Third, CANDITO's conduct was related in a meaningful way to his status as a firefighter/EMT for the CNLV and/or NLVFD and performance of his duties as a firefighter/EMT for the CNLV and/or NLVFD. CANDITO is sued in both his official capacity and his individual capacity on this claim.

49. After providing Decedent with the illicit morphine pills—knowing that she had also ingested a number of other substances, CANDITO did not timely summon reasonable medical attention for Decedent when he suspected that Decedent was showing symptoms of an

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

overdose. CANDITO also prevented medical personnel from timely rendering medical aid/assistance to Decedent.

50. Defendant CANDITO caused an undue delay and an interference to provide timely medical treatment.

51. CANDITO knew that the failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and causing Decedent's death.

52. As a result of the denial of medical care, Decedent suffered extreme mental and physical pain and suffering, loss of enjoyment of life, the loss of her life, and the loss of her earning capacity.

53. The conduct of Defendant CANDITO was willful, wanton, malicious and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages.

54. Also as a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

55. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

56. Plaintiffs also seek attorneys' fees and costs under this claim.

**SECOND CAUSE OF ACTION**

**Fourteenth Amendment—Substantive Due Process, Interference with Familial Relations (42 U.S.C. § 1983) against Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, Defendant CNLV, and Defendant NLVFD**

57. Plaintiffs repeat and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58. At all relevant times, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were acting under color of state law. Further, at all relevant times, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were acting within their official capacity, and the CNLV and NLVFD were a moving force behind the violations of Decedent's constitutional rights, including the right to timely medical care under the Fourth Amendment. When Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS procured and/or provided illicit drugs, including morphine pills for Decedent and then denied Decedent timely medical care, they exercised power possessed by virtue of state law and made possible only because Defendants clothed with the authority of state law. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were employed by the state and abused the position given to them by the state; thus, they acted under color of state law. Further, Defendants' actions and/or inactions—including providing the illicit drugs, including morphine pills, refusing to take Decedent to the hospital after Decedent exhibited overdose symptoms, providing personal medical treatment to Decedent with medications and medical supplies Defendant CANDITO was given free access to at North Las Vegas Fire Station 51—were performed while Defendants were acting, purporting to act, or pretending to act in the performance of their official duties as firefighter/EMTs, officers, managers, and/or supervisors for the CNLV and/or NLVFD. Additionally, Defendants' pretense of acting in the performance of their official duties had the purpose and effect of influencing the behavior of Decedent, percipient witnesses, and their employer the CNLV and/or NLVFD. Third, Defendants' conduct was related in a meaningful way to their status as firefighter/EMTs, officers, managers, and/or supervisors for the CNLV and/or NLVFD and performance of their duties for the CNLV and/or NLVFD. Defendants are sued in both their official capacity and their individual capacity on this claim.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

59. Plaintiff CADE SLATSKY, through his legal guardian MARTIN SLATSKY, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his family relationship with his mother, Decedent.

60. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of her right to life, liberty, or property in such a manner as to shock the conscience.

61. The aforementioned actions of Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS and CNLV, including the provision of illicit morphine pills and denial of medical care, along with other undiscovered conduct, to Decedent, shock the conscience, in that Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, CNLV, and NLVFD acted and/or failed to act with deliberate indifference to the constitutional rights of Decedent and Plaintiff CADE SLATSKY.

62. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, CNLV, and NLVFD thus violated the substantive due process rights of Plaintiff CADE SLATSKY to be free from unwarranted interference with his familial relationship with Decedent, his mother.

63. Also as a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

64. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

65. Plaintiffs also seek attorneys' fees and costs under this claim.

/ / /

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

## THIRD CAUSE OF ACTION

**Unconstitutional Custom or Policy (42 U.S.C. § 1983 and *Monell*) against Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS (in their official capacity), Defendant CNLV, and Defendant NLVFD**

66. Plaintiffs repeat and re-allege each and every allegation in all preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

67. The acts of Defendants deprived Plaintiffs and Decedent of their rights under the United States Constitution.

68. At all relevant times, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were acting under color of state law. Further, at all relevant times, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were acting within their official capacity, and the CNLV was a moving force behind the violations of Decedent's constitutional rights, including the right to timely medical care under the Fourth Amendment. When Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS procured and/or provided illicit drugs, including morphine pills for Decedent and then denied Decedent timely medical care, they exercised power possessed by virtue of state law and made possible only because Defendants clothed with the authority of state law. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were employed by the state and abused the position given to them by the state; thus, they acted under color of state law. Further, Defendants' actions and/or inactions—including providing the illicit drugs, including morphine pills, refusing to take Decedent to the hospital after Decedent exhibited overdose symptoms, providing personal medical treatment to Decedent with medications and medical supplies Defendant CANDITO was given free access to at North Las Vegas Fire Station 51—were performed while Defendants were acting, purporting to act, or pretending to act in the performance of their official duties as firefighter/EMTs, officers, managers, and/or supervisors for the CNLV and/or NLVFD. Additionally, Defendants' pretense of acting in the performance of their official duties had the purpose and effect of influencing the behavior of Decedent,

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

percipient witnesses, and their employer the CNLV and/or NLVFD. Third, Defendants' conduct was related in a meaningful way to their status as firefighter/EMTs, officers, managers, and/or supervisors for the CNLV and/or NLVFD and performance of their duties for the CNLV and/or NLVFD. Defendants are sued in both their official capacity and their individual capacity on this claim.

69. During this incident, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE Defendants acted pursuant to customs, practices, and policies of CNLV and/or NLVFD.

70. On information and belief, prior to the subject incident, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized for any similar conduct, including the use and provision of illicit drugs within the NLVFD or among CNLV employees, and the denial of medical care.

71. Defendants CNLV and NLVFD, as policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs or policies:

a) Authorizing and/or encouraging firefighter/EMTs, officers, managers, and/or supervisors to use NLVFD medical supplies and/or medications for personal use;

b) Complete lack of supervision and oversight of medical supply stocks within the NLVFD, despite the stock including dangerous and addictive substances;

c) Failure to train NLVFD employees regarding the appropriate use of available life-saving measures and/or providing appropriate medical care to individuals experiencing overdose symptoms from the use of such substances;

d) Employing and retaining as firefighter/EMTs, officers, managers, and/or supervisors, including Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, at all times material herein, which it knew or should have known had dangerous propensities for abusing their authority and access to medical supplies and medication,

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

using/trading/selling illicit drugs, and failing to follow written CNLV and/or NLVFD policies;

    e) Maintaining a policy of inaction and an attitude of indifference towards illicit drug use and abuse of authority within the NLVFD.

72. The above mentioned policies, practices, and customs were followed by CNLV and NLVFD with such duration and frequency that employees considered them customary and accepted by the organization.

73. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, DOE DEFENDANTS, CNLV, and NLVFD condoned, tolerated and through actions and inactions ratified such policies. Such Defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and to the constitutional rights of Plaintiffs and Decedent.

74. As a NLVFD Captain, Defendant ROBISON was a superior officer within the organization. Defendant ROBISON's involvement in the above mentioned policies, practices, and customs evidences actual notice and deliberate indifference to the foreseeable consequences of these practices, but also, constitutes an act by an individual with policy-making authority.

75. By perpetuating, sanctioning, tolerating, and ratifying Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS' outrageous conduct and other wrongful acts, Defendants CNLV and NLVFD acted with an intentional, reckless, callous disregard for the well-being of Plaintiffs and Decedent, and their constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CNLV and NLVFD were affirmatively linked to and were a significant influential force behind the constitutional violations and injuries/death of Decedent.

76. As a direct and proximate result of the aforementioned unconstitutional policies and customs, Decedent experienced severe physical and emotional pain and suffering and death.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

77. Also as a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

78. Accordingly, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, in their official capacity, CNLV, and NLVFD are each liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 and *Monell* on this claim.

79. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

80. Plaintiffs also seek attorneys' fees and costs under this claim.

**FOURTH CAUSE OF ACTION**

**Negligence against Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE Defendants**

81. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

82. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS had a duty of reasonable care within their interactions and involvement with Decedent.

83. Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS breached that duty of care toward decedent by providing or procuring illicit drugs, including but not limited to the subject morphine pills, for Decedent and encouraging Decedent's use of those illicit drugs.

84. Defendant CANDITO breached his duty of reasonable care toward decedent further by failing to seek appropriate medical attention for Decedent when he believed she was experiencing a morphine overdose, and instead, taking Decedent to his own fire station to provide his own treatment and returning home.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

85. As a direct and proximate result of Defendants' conduct as alleged above, and any other negligent conduct discovered in the future, Decedent was caused to suffer severe pain, suffering, and fear. Further, as a direct and proximate result of Defendants' conduct, Decedent ultimately died.

86. Defendants acted with actual malice toward Decedent and Plaintiffs by displaying a reckless disregard for human life through procuring or providing illicit drugs and denial of medical care to Decedent, warranting exemplary or punitive damages.

87. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

88. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

89. Plaintiffs also seek attorneys' fees and costs under this claim.

**FIFTH CAUSE OF ACTION**

**Civil Liability for Violation of NRS 41.700 against Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE Defendants**

90. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

91. NRS 41.700 states as follows:

1. A person who:

   a. Knowingly and unlawfully serves, sells or otherwise furnishes a controlled substance to another person; or

   b. Knowingly allows another person to use a controlled substance in an unlawful manner on premises or in a conveyance belonging to the person allowing the use or over which the person has control, is liable in a civil action for any damages caused as a result of the person using the controlled substance.

2. A person who prevails in an action brought pursuant to subsection 1 may recover his or her actual damages, attorneys' fees and costs and any punitive damages that the facts may warrant.

92. Upon information and belief Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS knowingly and unlawfully served, sold, or otherwise furnished one of more controlled substances to Decedent on or about February 21, 2020 and February 22, 2020.

93. Alternatively, upon information and belief, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS knowingly allowed Decedent to use a controlled substance in an unlawful manner on premises or in a conveyance belonging to the person allowing the use or over which the person has control on or about February 21, 2020 and February 22, 2020.

94. At all times relevant hereto, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were employed by CNLV and/or NLVFD, and pursuant to the doctrine of *respondeat superior*, CNLV and/or NLVFD, are liable to Plaintiffs for the injuries and damages caused by Defendants' wrongful acts, as alleged herein.

95. As a direct and proximate result of Defendants' conduct as alleged above, and any other conduct discovered in the future, Decedent was caused to suffer severe pain, suffering, and fear. Further, as a direct and proximate result of Defendants' conduct in violation of NRS 41.700, Decedent ultimately died.

96. Defendants acted with actual malice toward Decedent and Plaintiffs by displaying a reckless disregard for human life through procuring or providing illicit drugs and denial of medical care to Decedent, warranting exemplary or punitive damages.

97. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

98. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

99. Plaintiffs also seek attorneys' fees and costs under this claim.

**SIXTH CAUSE OF ACTION**

**Violations of the Constitution of the State of Nevada against Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS (in their official capacity), Defendant CNLV, and Defendant NLVFD**

100. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

101. The State of Nevada and its political subdivisions have waived their immunity from liability and consented to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations.

102. The laws of the State of Nevada allow for action for injury, wrongful death or other damage resulting from the deprivation of any rights, privileges or immunities secured by the Constitution of the State of Nevada.

103. Nev. Const. Art. 1, § 8(2) states that no person shall be deprived of life, liberty, or property, without due process of law.

104. The Due Process Clause of the Nevada Constitution protects individuals from state actions that deprive them of life, liberty, or property without due process of law.

105. At all times relevant hereto, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS, in their official capacity, CNLV, and NLVFD, by and through its employees, agents, contractors, and/or staff, including but not limited to Defendant Employees, violated the Constitution of the State of Nevada by causing Decedent and Plaintiffs to be deprived of the rights, privileges, and/or immunities secured in the Constitution of the State of Nevada, as alleged herein, and by failing to adhere to their oath of office.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

106. At all times relevant hereto, Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS were employed by CNLV and/or NLVFD, and pursuant to the doctrine of *respondeat superior*, CNLV and/or NLVFD, are liable to Plaintiffs for the injuries and damages caused by Defendants' wrongful acts, as alleged herein.

107. At all times relevant hereto, Decedent and Plaintiff CADE SLATSKY were citizens of the State of Nevada, and individuals who was entitled to the protections of Nev. Const. Art. 1, § 8(2), as protected under the Nevada Constitution.

108. The Due Process Clause under the Nev. Const. Art. 1, § 6, requires that the procedures by which laws are applied be fundamentally fair, so that individuals are not subjected to the arbitrary exercise of government power. The appropriate framework for assessing procedural rules requires a determination as to whether the procedures are offensive to the concept of fundamental fairness.

109. The denial of medical care by Defendants, and each of them, deprived Decedent of her rights under the Nevada Constitution as set forth herein.

110. Defendants, and each of them, knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious need, causing Decedent great bodily harm and eventual death.

111. Decedent had a right, clearly established and enforceable, as protected under the Nevada Constitution, to be free from neglect and physical abuse by Defendants. As a direct and proximate result of Defendant's conduct, Decedent was denied due process of law as protected under the Nevada Constitution, by Defendants' provision of illicit drugs and failure to render her aid while in their control and custody. The Defendants' conduct was offensive to the concept of fundamental fairness, protected under the Nevada Constitution.

112. That the wrongful and unlawful acts perpetrated by the Defendants and each of them, in intentionally disregarding the Nevada constitutional rights of Decedent were willful, oppressive, malicious, and performed with a wanton disregard for the established and constitutionally protected rights of Decedent.

113. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

114. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

115. Plaintiffs also seek attorneys' fees and costs under this claim.

**SEVENTH CAUSE OF ACTION**

**False Imprisonment against Defendants CANDITO, CNLV, and NLVFD**

116. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

117. Defendant CANDITO, while acting under color of law and within the course and scope of his duties as a CNLV and/or NLVFD employee, intentionally deprived Decedent of her freedom of movement by use of force, fraud, deceit, and unreasonable duress.

118. The conduct of Defendant CANDITO was a substantial factor in causing the harm and death of Decedent.

119. CNLV and NLVFD are vicariously liable for the wrongful acts of Defendant CANDITO because such acts were undertaken under color of law and within the course and scope of Defendant CANDITO's duties as a NLVFD firefighter/EMT.

120. The conduct of Defendant CANDITO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

121. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

122. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

123. Plaintiffs also seek attorneys' fees and costs under this claim.

**EIGHTH CAUSE OF ACTION**

**Battery against Defendants CANDITO, CNLV, and NLVFD**

124. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

125. Defendant CANDITO, while acting under color of law and within the course and scope of his duties as a CNLV and/or NLVFD employee, intentionally touched and physically harmed Decedent, in a number of unwanted ways, including, but not limited to, carrying Decedent's body to and from her home and Defendant CANDITO's vehicle, piercing Decedent's skin to administer IV medication at North Las Vegas Fire Station 51, and other manipulations of Decedent's body while providing improper medical care.

126. As a result of Defendant CANDITO's actions, Decedent suffered severe pain and suffering and ultimately died. Defendant CANDITO had no permission to carry out the aforementioned physical interactions with Decedent's body.

127. The conduct of Defendant CANDITO was a substantial factor in causing the harm and death of Decedent.

128. CNLV and NLVFD are vicariously liable for the wrongful acts of Defendant CANDITO because such acts were undertaken under color of law and within the course and scope of Defendant CANDITO's duties as a NLVFD firefighter/EMT.

129. The conduct of Defendant CANDITO was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

130. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

131. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

132. Plaintiffs also seek attorneys' fees and costs under this claim.

**NINTH CAUSE OF ACTION**

**Negligent Security against Defendants GNLV, LLC, DOMAIN PROPERTY OWNER LLC, and OAKTREE CAPITAL MANAGEMENT L.P.**

133. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein.

134. Decedent was an invitee on Defendant GNLV, LLC's property on February 21, 2020 through February 22, 2020.

135. Additionally, Decedent was a resident of an apartment located at 831 Coronado Center Drive, #1203, Henderson, NV 89052. Said property was owned and/or managed by Defendants DOMAIN PROPERTY OWNER LLC and/or OAKTREE CAPITAL MANAGEMENT L.P.;

136. GNLV, LLC, as a property owner and innkeeper, owed Decedent a duty to exercise reasonable care while she was present on their property.

137. DOMAIN PROPERTY OWNER LLC and OAKTREE CAPITAL MANAGEMENT L.P. owed Decedent a duty of reasonable care to keep the property secure for its residents and guests.

138. Defendant GNLV, LLC had either actual or constructive knowledge of the hotel party taking place in the paragraphs above. Despite having knowledge as stated above, Defendant GNLV, LLC condoned, tolerated and through actions and inactions ratified the conduct exhibited at the party, including extensive illicit drug use.

139. It is foreseeable that drugs would be present and taken at a hotel party, such as the one described above. Likewise, it is foreseeable that a person in attendance at a party such as the one described above would suffer injury, up to and including death, as a result of an all-night hotel party.

140. Defendant GNLV, LLC failed to take reasonable precautions, including, but not limited to, providing adequate security personnel and equipment, to prevent hotel guests from

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

holding a party on their premises in which extensive illicit drugs were available, distributed, and consumed by party-goers.

141. Defendant GNLV, LLC failed to exercise due care for the safety of Decedent by allowing their property to be used to hold a party in which extensive illicit drugs were available, distributed, and consumed by party-goers.

142. Upon information and belief, prior incidents of similar parties, resulting in acute drug intoxication, overdose, and death have occurred on the premises and Defendant GNLV, LLC is aware of said incidents.

143. Further, Defendants DOMAIN PROPERTY OWNER LLC and OAKTREE CAPITAL MANAGEMENT L.P. had either actual or constructive knowledge of the illicit drug use and distribution taking place on their property, as discussed in the paragraphs above. Despite having knowledge as stated above, Defendants DOMAIN PROPERTY OWNER LLC and OAKTREE CAPITAL MANAGEMENT L.P. condoned, tolerated and through actions and inactions ratified the conduct.

144. Defendants DOMAIN PROPERTY OWNER LLC and OAKTREE CAPITAL MANAGEMENT L.P. failed to take reasonable precautions, including, but not limited to, providing adequate security personnel and equipment, to prevent residents and guests from distributing and using illicit drugs on their premises.

145. Defendants DOMAIN PROPERTY OWNER LLC and OAKTREE CAPITAL MANAGEMENT L.P. failed to exercise due care for the safety of Decedent by allowing their property to be used for the distribution and use of illicit drugs.

146. As a direct and proximate result of Defendants' conduct as alleged above, and any other conduct discovered in the future, Decedent was caused to suffer severe pain, suffering, fear, and death. Further, as a direct and proximate result of Defendants' conduct in violation of NRS 41.700, Decedent ultimately died.

147. Defendants acted with actual malice toward Decedent and Plaintiffs by displaying a reckless disregard for human life through procuring or providing illicit drugs and denial of medical care to Decedent, warranting exemplary or punitive damages.

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◊ Facsimile (702) 360-3234

148. As a direct and proximate result of the aforementioned conduct, Plaintiff CADE SLATSKY has been deprived of the life-long love, companionship, comfort, support, society, and care of Decedent, and will continue to be so deprived for the remainder of his natural life.

149. MARIAH MAAS and MARTIN SLATSKY bring this claim in representative capacities as the appointed special administrator of Decedent's Estate, and legal guardian of Decedent's surviving child, CADE SLATSKY, respectively.

150. Plaintiffs also seek attorneys' fees and costs under this claim.

Plaintiffs, expressly reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. General damages in excess of $15,000;
2. Special and/or pecuniary damages in excess of $15,000;
3. For damages related to Plaintiffs' grief, sorrow, loss of support, society, companionship, and comfort, in an amount to be proven at trial;
4. For punitive damages on all causes of action;
5. For equitable relief that Defendants CNLV and NLVFD be required to adopt policies to prevent further incidents such as complained of herein;
6. For equitable relief that Defendants CNLV and NLVFD be required to comply with training requirements for its employees to prevent further incidents such as complained of herein;
7. For equitable relief that Defendants CANDITO, CLAPPER, ROBISON, HONSOWETZ, STOCKER, and DOE DEFENDANTS be investigated and disciplined including, but not limited to, termination of employment;
8. For any and all pre and post-judgment interest as permitted by law;
9. For reasonable attorneys' fees and costs of suit; and
10. For such other and further relief as the court deems just and proper.

DATED this 7th day of February 2022.

LLOYD BAKER INJURY ATTORNEYS

*/s/ Andrew Barton*
LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
ANDREW BARTON, ESQ.
Nevada Bar No.: 12692
ALYSSA N. PIRAINO, ESQ.
Nevada Bar No.: 14601
500 S. Eighth Street
Las Vegas, Nevada 89l01
*Attorneys for Plaintiff*

BAKER LAW OFFICES
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 360-4949 ◇ Facsimile (702) 360-3234

# EXHIBIT B

EXHIBIT B

EXHIBIT B

Electronically Filed
3/22/2022 8:20 AM
Steven D. Grierson
CLERK OF THE COURT

AOS

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| **TIFFANY SLATSKY** | Plaintiff | |
| | | CASE NO: **A-22-847914-C** |
| vs | | HEARING DATE/TIME: |
| **CHRISTOPHER CANDITO, ET AL.** | Defendant | DEPT NO: **1** |

## AFFIDAVIT OF SERVICE

BRAD FENNER being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 28th day of February, 2022 and served the same on the 5th day of March, 2022, at 09:30 by:

serving the servee NICHOLAS ROBISON personally delivering and leaving a copy with UN-NAMED CO-RESIDENT, Co-occupant, a person of suitable age and discretion residing at the defendant's usual place of abode located at (address) 1460 RAINNA CT., RENO NEVADA 89509

WHITE MALE, 5'9', 180-200LBS. BALD. 40-50. REFUSED NAME.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this 05 day of Mar , 2022.**

**BRAD FENNER**
**R-2019-09355**

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP257308 210894

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

# EXHIBIT C

EXHIBIT C

EXHIBIT C

Electronically Filed
3/31/2022 10:51 AM
Steven D. Grierson
CLERK OF THE COURT

AOS

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

TIFFANY SLATSKY Plaintiff

vs

CHRISTOPHER CANDITO, ET AL. Defendant

CASE NO: A-22-847914-C
HEARING DATE/TIME:
DEPT NO: 1

## AFFIDAVIT OF SERVICE

GREGORY BROWN being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 18th day of February, 2022 and served the same on the 31st day of March, 2022, at 08:17 by:

delivering and leaving a copy with the servee CHRISTOPHER CANDITO at (address) 22010 COLD CREEK RD., INDIAN SPRINGS NEVADA 89070

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this 31 day of Mar , 2022.**

**GREGORY BROWN**
**R-2020-14947**

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP257074 210894

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
3/22/2022 8:22 AM
Steven D. Grierson
CLERK OF THE COURT

AOS

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

**MARIAH MAAS, as Special Administrator for the Estate of Tiffany Slatsky, MARTIN SLATSKY, as parent and legal guardian of CADE SLATSKY, a minor,** Plaintiff

**vs**

**CHRISTOPHER CANDITO, ET AL.** Defendant

CASE NO: **A-22-847914-C**

HEARING DATE/TIME:

DEPT NO: **1**

## AFFIDAVIT OF SERVICE

Geovanni Robles being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS AND COMPLAINT, on the 28th day of February, 2022 and served the same on the 3rd day of March, 2022, at 12:10 by:

delivering and leaving a copy with the servee ANDREW CLAPPER at (address) 2105 DONLON CT., HENDERSON NV 89012

WHITE MALE, 40S, WHITE HAIR, BROWN EYES

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this 03 day of Mar , 2022.**

**Geovanni Robles**
**R-2021-14810**

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP257305 210894

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
3/14/2022 2:29 PM
Steven D. Grierson
CLERK OF THE COURT

AOS

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| TIFFANY SLATSKY | Plaintiff | |
| | | CASE NO: A-22-847914-C |
| vs | | HEARING DATE/TIME: |
| CHRISTOPHER CANDITO, ET AL. | Defendant | DEPT NO: 1 |

## AFFIDAVIT OF SERVICE

DONALD TAYLOR being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS AND COMPLAINT, on the 28th day of February, 2022 and served the same on the 14th day of March, 2022, at 14:05 by:

serving the servee STEVEN HONSOWETZ personally delivering and leaving a copy with LAUREN, RESIDENT/GIRLFRIEND Co-occupant, a person of suitable age and discretion residing at the defendant's usual place of abode located at (address) 2711 BRIARCLIFF AVE., HENDERSON NV 89074-1210

LAUREN ANSWERED DOOR AND ACCEPTED DOCS BY HAND DELIVERY
WHITE FEMALE 5FT 1IN - 5FT 6IN 150-180LBS BLACK HAIR BROWN EYES 25-30 YEARS OLD

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this 14 day of Mar , 2022.**

DONALD TAYLOR
R-097875

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP257306 210894

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
4/1/2022 12:31 PM
Steven D. Grierson
CLERK OF THE COURT

AOS

# DISTRICT COURT , CLARK COUNTY
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| TIFFANY SLASTSKY | Plaintiff | |
| | | CASE NO: A-22-847914-C |
| vs | | HEARING DATE/TIME: |
| CHRISTOPHER CANDITO, ET AL. | Defendant | DEPT NO: 1 |

## AFFIDAVIT OF SERVICE

TYLER TREWET being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS; COMPLAINT, on the 2nd day of March, 2022 and served the same on the 1st day of April, 2022, at 11:37 by:

serving the servee ANDREW STOCKER personally delivering and leaving a copy with JESSIE CHRISTIE, SPOUSE Co-occupant, a person of suitable age and discretion residing at the defendant's usual place of abode located at (address) 10663 ENTRANCE ARCH ST., LAS VEGAS NV 89179

CHEVY CRUZE NV PLATE 050 U12 AND HYUNDAI ELANTRA N458 PRESENT. WHITE FEMALE 5FT 1IN - 5FT 6IN 90-120LBS BLACK HAIR 30-40 YEARS OLD

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

**EXECUTED this 01 day of Apr , 2022.**

TYLER TREWET
R-2019-04184

*Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068*

EP257420 210894

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
03/21/2022
CLERK OF THE COURT

ANS
ANDREW CLAPPER
(NAME)
2105 DONLON CT
(ADDRESS)
HENDERSON, NV 89012
(CITY, STATE, ZIP)
702-985-5830
(TELEPHONE)
Defendant *Pro Se*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

MARIA MAAS, AS SPECIAL AGENT FOR THE ESTATE OF TIFFANY SLATSKY, MARTIN SLATSKY AS PARENT AND LEGAL GUARDIAN OF CADE SLATSKY, A MINOR
Plaintiff,

vs.

ANDREW CLAPPER, AN INDIVIDUAL
Defendant.

Case No.: A-22-847914-C
Dept. No.: 1

**ANSWER**

Defendant(s), ANDREW CLAPPER, *Pro Se*, hereby submits this Answer to the Complaint on file herein, and alleges and avers as follows:

1. Answering paragraph(s) ____ of Plaintiff's Complaint, Defendant(s) ADMITS each and every allegation contained therein.

2. Answering paragraph(s) 20, 21, 23 of Plaintiff's Complaint, Defendant(s) DENIES each and every allegation contained therein.

3. Answering paragraph(s) 1 TO 19, 22, 24 TO 150 of Plaintiff's Complaint, Defendant(s) state(s) that Defendant(s) do(es) not have sufficient knowledge or information upon which to base a belief as to the truth of the allegation contained therein and therefore Defendant(s) DENIES each and every allegation contained therein.

4. Answering paragraph(s) 20, 21, 23 of the Plaintiff's Complaint, Defendant(s) STATE(S) I did not plan or attend the party on 2/21/2020 at the GOLDEN Nugget Hotel that is mentioned in the complaint. I was working a 48 hour shift with the NLV Fire Department from 8:00 am, 2/21/2020 to 8:00 a.m. 2/23/2020. Therefore, I have no knowledge of, took part in, or was witness to any events that may or may not have transpired on 2/21/2020, 2/22/2020, and 2/23/2020.

RECEIVED
MAR 2 1 2022
CLERK OF THE COURT

## AFFIRMATIVE DEFENSES

1. Defendant(s) hereby incorporate(s) by reference those affirmative defenses enumerated in NRCP 8 as though fully set forth herein, as applicable upon discovery. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant(s) reserve(s) the right to seek leave of court to amend this Answer to more specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purposes of not waiving any such defenses.

_____. Accord and satisfaction.

_____. Arbitration and award.

_____. Assumption of risk.

_____. Contributory negligence.

_____. Discharge in bankruptcy.

_____. Duress.

_____. Estoppel.

_____. Failure of consideration.

_____. Fraud.

_____. Illegality.

_____. Injury by fellow servant.

_____. Laches.

_____. License.

_____. Payment.

_____. Release.

_____. Res judicata.

_____. Statute of frauds.

_____. Statute of limitations.

_____. Waiver.

2. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer. Therefore

© Civil Law Self-Help Center, Rev. 2/7/18

Defendant(s) reserve(s) the right to amend this Answer to allege additional affirmative defenses and claims, counter-claims, cross-claims or third-party claims, as applicable, upon further investigation and discovery.

_____. __________________________________________________

__________________________________________________________.

**WHEREFORE,** this Answering Defendant prays that this Honorable Court will:

1. Dismiss the Complaint with prejudice or grant Plaintiff a reduced amount based upon the admissions, denials and affirmative defenses, if any, as alleged above herein;
2. Award Defendant(s)'s costs; and
3. Award Defendant(s) such other and further relief as the Court deems just and equitable.

DATED this 21 day of MARCH, 2022

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

________________________
Defendant *Pro Se*

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the 21 day of MARCH, 2022, I placed a true and correct copy of the foregoing **ANSWER** in the United States Mail at Las Vegas, Nevada, with first-class postage prepaid, addressed to the following:

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHT STREET
LAS VEGAS, NV 89101

________________________
Defendant *Pro Se*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mariah Maas as Special Administrator for the Estate of Tiffany Slatsky, et al

**(b)** County of Residence of First Listed Plaintiff: Clark County Nevada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lloyd W. Baker
Baker Law Offices 500 S. 8th Street Las Vegas, NV 89101

## DEFENDANTS

Christopher Candito, et al

County of Residence of First Listed Defendant: Clark County Nevada
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joseph R. Meservy
Barron & Pruitt 3890 W. Ann Rd. N. Las Vegas, NV 89031

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC 1331, 48 USC 1983

Brief description of cause:
Alleged violations of 4th and 14th Amendements to US Constitution

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph R. Meservy

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______