UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIAH MAAS, as Special Administrator for the Estate of Tiffany Slatsky, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>CHRISTOPHER CANDITO, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 2:22-cv-00568-GMN-DJA<br><br>**ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Pending before the Court is the Motion for Determination of Good Faith Settlement, (ECF No. 100), filed by Plaintiffs Mariah Mass, as Special Administrator for the Estate of Tiffany Slatsky, Martin Slatsky, as parent and legal guardian of Cade Slatsky, and Martin Slatsky, as an individual. Defendants Andrew Clapper and Nicholas Robinson joined the Plaintiffs' Motion for Determination of Good Faith Settlement, (ECF Nos. 101, 102). Defendants Andrew Stocker, City of North Las Vegas, and Christopher Candito did not respond, and the time to do so has passed.

I.   **BACKGROUND**

This action arises out of Tiffany Slatsky's death via drug overdose after she attended a party held by North Las Vegas firefighters and EMTs. Plaintiffs initiated this suit in February 2022, and Defendants removed the action to federal court in April 2022. (Pet. for Removal at 1, ECF No. 1). The City of North Las Vegas and the North Las Vegas Fire Department filed a Motion to Dismiss Plaintiffs' claims against them, which the Court denied. (Order, ECF No. 64). After a period of discovery, the Court approved the parties' stipulation to stay discovery pending private mediation. (ECF Nos. 94, 95). Plaintiffs filed the instant Motion after that

mediation was completed, seeking an order from the Court determining that the settlement has been made in good faith. (*See* Mot. Determination of Good Faith Settlement, ECF No. 100).

## II.  LEGAL STANDARD

Under Nevada law, the determination of whether a settlement is in "good faith" under Nev. Rev. Stat. 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). The factors discussed in *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983) may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686–87 (Nev. 2004). Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927. However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol Chem. Corp.*, 811 P.2d at 563.

## III.  DISCUSSION

In their Motion, Plaintiffs have addressed each of the applicable *MGM* factors. (*See generally* Mot. Determination of Good Faith Settlement, ECF No. 100). Plaintiffs submit that they have reached an agreement with Defendants Nicholas Robison, Andrew Clapper, and Andrew Stocker for a total of $402,500, which reflects "the potential liability and Defendants' defenses." (*Id.* at 3-4, 6). In exchange, Plaintiffs will release Defendants Robison, Clapper, and Stocker from all further liability in this matter. (*Id.* at 5).

Regarding the *MGM* factors, Plaintiffs aver that the settlement amount is reasonable, and takes into consideration the liability of each Defendant, the damages each of the Plaintiffs suffered, and their respective part and future medical expenses. (*Id.* at 6). They explain that the

Decedent's minor son will receive 85% of the settlement proceeds, while the Decedent's father will receive 15%. (*Id.*). Plaintiffs assert that, after attorneys' fees and costs, Plaintiffs will each receive a reasonable settlement. (*Id.*). Based on the comparative liability of the Defendants in this case and the injury each Plaintiff suffered, the Court agrees that the total settlement amount and the allocation of the settlement is reasonable. Finally, Plaintiffs assert that the parties reached a fair settlement through a court-appointed mediation in which Defendant City of North Las Vegas participated, and that the arm's length negotiation was free from collusion, fraud, or tortious conduct. (*Id.* at 7).

Considering the foregoing discussion of the relevant *MGM* factors, and because no party has opposed Plaintiffs' motion, the Court finds that the settlement between Plaintiffs and Defendants Robison, Clapper, and Stocker was made in good faith. The Court therefore GRANTS Plaintiffs' Motion for Determination of Good Faith Settlement.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Determination of Good Faith Settlement, (ECF No. 100), is **GRANTED.**

**DATED** this __14__ day of November, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT